**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**BILLY D. COOPER,**

**Petitioner,**

v.                                          **Civil Action No. 1:12cv125**
                                            **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

**Respondent.**

**REPORT AND RECOMMENDATION**

## I. <u>INTRODUCTION</u>

On August 6, 2011, the *pro se* petitioner filed an "Application for Writ of Habeas Corpus

Pursuant to Article 1, § 9, Clause 2."   The pleading was docked as a Petition for Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2241.  On that same date, the Clerk of the Court sent the petitioner

a Notice of Deficient Pleading which advised him that he must file his petition on the court-approved

form which was enclosed and either pay the $5.00 filing fee or submit the appropriate application

to proceed in forma pauperis with supporting documents. On August 23, 2012, the petitioner filed

what he styles as a Bill of Attainder (Treason)." [1] It appears that the petitioner views the Notice of

Deficient pleading as a refusal by this Court to hear his cause under the Constitutional grant of

Judicial Authority Conferred upon it by Article 1 of the Constitution.

## II. <u>FACTS</u>

---

[1]The petitioner notes that "this Bill of Attainder is submitted under Article II, § 3, Clause
2 of the Constitution for these United States, making if a Federal Offense to give aid and comfort
to the Enemies of this Nation.  Whether the Enemies of America are foreign Nationals or
Domestic antagonists against the Constitution, the applicable sections of this Constitutional
provision are still clearly applicable." (Doc. 6, p. 1).

## A.      Conviction and Sentence

The petitioner was indicted in the United States District Court for the Southern District of Mississippi and on April 30, 2002 was found guilty by a jury of the following offenses:

Count 1:      Conspiracy to commit: carjacking in violation of 18 U.S.C. § 2119(3), use of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c), and transportation of a stolen vehicle in interstate commerce in violation of 18 U.S.C. § 2312, all in violation of 18 U.S.C. § 371;

Count 2:      carjacking in violation of 18 U.S.C. § 2119(3) and 2;

Count 3:      use of a firearm in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c) and 2;

Count 4:      transportation of a stolen vehicle in interstate commerce in violation of 18 U.S.C. § 2312 and 2; and

Count 5:      being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Because the carjacking resulted in the death of two individuals, the petitioner was eligible for the death penalty under § 2119(3). Upon considering whether the petitioner should be sentenced to death on Count II, the jury determined that the death penalty should not be imposed. The petitioner was then sentenced on July 29, 2002, to life imprisonment without the possibility of parole on Count 2, ten years on Count 3 (to run consecutive with the sentence imposed on Counts 1, 2 and 4); fifty-seven months on Counts 1 and 4 (to run concurrent with one another, but consecutive with the sentence imposed on Counts 2 and 3); three years of supervised release on Counts 1 and 4; five years of supervised release on Count 3 (to run concurrent with the sentence imposed on Count 1 and 4); a $3,000 fine; and a $300 special assessment. On direct appeal, the United States Court of Appeals

for the Fifth Circuit upheld the petitioner's conviction. The petitioner then filed a petition for certiorari with the Supreme Court of the United Sates, which was denied on November 2, 2004. On September 30, 2005 the petitioner then filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 asserting numerous claims of ineffective assistance of counsel and two due process violation claims. The motion was denied on July 24, 2006. The United States Court of Appeals for the Fifth Circuit denied him a Certificate of Appealability on November 14, 2007. Subsequently, the Fifth Circuit denied the petitioner authorization to file a successive § 2255 Motion challenging his convictions. (See Criminal Action No. 4:01-CR-8WHB/Civil Action No. 4:05-cv-157WHB, Southern District of Mississippi).[2]

### III. ANALYSIS

A district court should construe *pro se* petitions liberally, no matter how unskillfully pleaded. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Accordingly, the Court could construe this petition as one filed under 28 U.S.C. § 2241, as was done when the case was filed. However, where, as here, a *pro se* litigant insists that the Court rule on his petition or motion exactly as presented, the court should refrain from recharacterizing it. See United States of America v. Kirkpatrick, 2009 WL 2823658 (E.D. Tenn. Aug. 28, 2009).[3]

As noted previously, the petitioner initiated this action as an Application for Writ of Habeas Corpus pursuant to Article 1, § 9, Clause 2.[4] The United States Supreme Court has long recognized

---

[2]Available on PACER.

[3]The undersigned has interpreted the petitioner's Bill of Attainder as an indication that he wishes the Court to proceed with his pleading as originally filed.

[4]The undersigned believes the petitioner to be referring to the following provision: "The privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public safety may require it."

that "for the meaning of *habeas corpus*, resort may unquestionably be had to the common law; but the power to award the writ by any of the courts of the United States, must be given by written law." Ex parte Bollman, 8 U.S. (4 Cranch) 75, 93 (1807); see also Felkner v. Turpin, 518 U.S. 651, 651, 644 (1996); Carbo v. United States, 36 U.S. 611, 614 (1961). In Bollman, the Supreme Court recognized that the Constitution alone does not give federal courts the power and authority to grant writs of habeas corpus, and federal courts do not retain some form of residual common law authority and jurisdiction to issue writs of habeas corpus. Rather, the scope of the jurisdiction and authority of the federal district courts to issue writs of habeas corpus to federal prisoners is governed by 28 U.S.C. §§ 2241 and 2255. See Rascul v. Bush, 542 U.S. 466 (2004).

Therefore, because the petitioner insists that his petition is filed pursuant to a provision of the Constitution, this court is without jurisdiction to entertain the same. Moreover, the petitioner's pleading is unintelligible. He challenges the jurisdiction of the United States District Court for the Southern District of Mississippi in his criminal case because "Congress lacked Constitutional authority to 'define' and 'punish' conduct occurring outside of the Legislative grant specifically enumerated at Article 1, § 8, cl. 10 (Priacies [sic] and Felonies Committed on the High Seas and Crimes Against the Law of Nations; and (Treason) Article III, § 3, Cl. 2..." (Doc. 1, p.3). The petitioner continues by noting that "[w]here the United States cannot show where the Constitution enumerates authority to define and punish conduct outside counterfeiting, piracy, and treason, the Ends of Justice DEMAND issuance of the Writ pursuant to Article I, § 9, cl. 2." (Id.). In short, the petitioner advances nonsensical theories and does not assert factual allegations which would give rise to a valid basis for relief which this Court has the authority to grant.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petition (Doc. 1) be

**DISMISSED** for lack of jurisdiction and as unintelligible.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: October 4, 2012

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE