```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**BILLY D. COOPER,**

    **Plaintiff,**

**v.**     //     **CIVIL ACTION NO. 1:12CV125**
                            **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On August 6, 2012, the pro se plaintiff, Billy D. Cooper ("Cooper"), filed an "Application for Petition for Writ of Habeas Corpus Pursuant to Article I, § 9, Clause 2," (dkt. no. 1), which was docketed as a petition for habeas corpus pursuant to 28 U.S.C. § 2241. On the same date, the Clerk of Court sent Cooper a Notice of Deficient Pleading that advised he must submit his petition on the Court-approved form and either pay the $5.00 filing fee or submit an application to proceed in forma pauperis. (Dkt. No. 2). In response, Cooper filed a document styled as a "Bill of Attainder (Treason)," insisting, inter alia, that his claims are brought under Article I, § 9, Clause 2 of the United States Constitution ("the Suspension Clause"), and any contrary construction of his pleading is "Treason against the Constitution for the United States of America." (Dkt. No. 6 at 9-10).

The Court then referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with LR PL P 2. On October 5,

**COOPER v. UNITED STATES OF AMERICA**  1:12CV125

**ORDER ADOPTING REPORT AND RECOMMENDATION**

2012, Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R"), recommending that Cooper's complaint be dismissed. (Dkt. No. 7). The magistrate judge determined that (1) inasmuch as Cooper insists his pleading is filed under the Suspension Clause, this Court is without jurisdiction to entertain the same; and (2) Cooper's arguments, in any event, are unintelligible. Id.

Cooper filed objections to the magistrate judge's R&R on December 11, 2012. (Dkt. No. 9). These objections are basically a repeat of the same erroneous legal theories contained in his "Bill of Attainder (Treason)." (Dkt. No. 6). As the magistrate judge correctly observed, however, the Suspension Clause is a prohibition against suspending the writ except in certain limited circumstances, not a positive grant of jurisdiction to issue the writ. Moreover, Cooper's legal arguments, e.g., that Congress was without authority to criminalize his underlying counts of conviction, are patently frivolous.

Accordingly, the Court:

1. **ADOPTS** the R&R in its entirety (dkt. no. 7);
2. **DENIES AS MOOT** the plaintiff's Motion Seeking Status of Case (dkt. no. 10); and
3. **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the Court's docket.

**COOPER v. UNITED STATES OF AMERICA** 1:12CV125

**ORDER ADOPTING REPORT AND RECOMMENDATION**

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of the Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

DATED: May 15, 2013.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE